UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ADOLFO BELTRAN-MEDINA,

        Plaintiff,

   v.                                       Case No. 25-cv-0816-bhl

LAKE COUNTY, COOK COUNTY,
BOND COUNTY and JOHN/JANE DOES,

        Defendants.

## SCREENING ORDER

On June 9, 2025, Plaintiff Adolfo Beltran-Medina, proceeding without an attorney, filed a complaint alleging violations of state law by three Illinois counties and "the judges and attorneys involved." (ECF No. 1.) Beltran-Medina has also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The matter is before the Court for consideration of Beltran-Medina's IFP motion and for the screening of his complaint.

### IFP MOTION

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. §1915(a)(1). Beltran-Medina's IFP application includes information about his finances and is signed under penalty of perjury, satisfying the first IFP requirement. *See id.*; (ECF No. 2 at 4.) He represents that he is unmarried, has no dependents, and has temporary employment with monthly wages ranging from $1500 to $2000. (ECF No. 2 at 1–2.) Beltran-Medina indicates that his monthly expenses total $1600 but lists expenses totaling only $1500 ($700 rent; $400 credit card payment; $400 other household expenses). (*Id.* at 2–3.) He indicates that he owns two older-model cars worth $5000 and has $500 in cash or accounts and no other assets. (*Id.* at 3–4.) On these facts, the Court will deny Beltran-Medina's IFP motion because he is not sufficiently indigent to warrant a fee waiver. While a plaintiff need not show that he is totally destitute to establish indigence, *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980),

the Court's authority to grant IFP motions "is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Beltran-Medina's monthly income exceeds his stated monthly expenses by up to $500 and he has sufficient cash on hand to facilitate payment of the filing fee. These resources put him outside the "truly impoverished" litigants for whom IFP status is intended and reserved.

## SCREENING THE COMPLAINT

The IFP statute also requires the Court to dismiss a case at any time if it determines that the plaintiff's allegations of poverty are "untrue" or if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). Accordingly, after evaluating a *pro se* plaintiff's IFP request, the Court must screen the complaint to ensure the case should be allowed to move forward. In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation

omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS

Beltran-Medina's complaint and attached documents are largely devoid of factual allegations. (*See* ECF Nos. 1 & 1-1.) Instead, he alleges a conspiracy between police, judges, and attorneys in Lake County, Cook County, and Bond County, Illinois to deprive him of rights, separate him from his son, and otherwise harm him. (*See* ECF No. 1-1 at 2.) He also invokes a number of conclusory legal terms, including domestic terrorism, kidnapping, fraud, defamation, corruption, and organized crime. (*Id.* at 1–3.) Beltran-Medina provides a list of judges, lawyers, and secretaries "involved in [his] cases" and asks that they "rec[e]ive a punishment." (*Id.* at 7–8.) He requests "immediate arrests and the defense of the integrity of the United States of America and its citizens" and that a law be established to "disqualif[y] these criminals from receiving a pardon." (*Id.* at 3.) Beltran-Medina also provides case numbers for several cases, presumably in Illinois courts, that he asserts are "proof of the operational methods and how the crimes and conspiracies are carried out in favor of the enrichment and fraud of the state of Illinois." (*Id.*) And he provides copies of cover sheets from one or more civil cases he appears to have filed in Cook County, Illinois against similar defendants. (*Id.* at 4–6.) In addition to arrests, Beltran-Medina requests a "federal order of protection," that "[a]ny order of arrest or kidnapping be withdrawn," and $1.5 million, tax free. (ECF No. 1 at 3–4.)

## ANALYSIS

Beltran-Medina's complaint will be dismissed as frivolous. A lawsuit is frivolous "if it is apparent from a reading of the complaint that there is no need to await the defendant's answer or motion to dismiss, or discovery or legal research, to determine that the case is going nowhere—that there's no possibility of the court's having authority to provide relief to the plaintiff." *Carter v. Homeward Residential, Inc.*, 794 F.3d 806, 807 (7th Cir. 2015) (collecting cases). Although Beltran-Medina's lack of factual allegations make it impossible to discern precisely what he is alleging, the Court has no authority to provide him relief. To begin, Beltran-Medina complains of actions that appear to have occurred exclusively in Illinois, largely by Illinois officials, making venue improper in this district. *See* 28 U.S.C. §1391(b). Moreover, Beltran-Medina challenges the entire Illinois legal system as corrupt and asks the Court to order the arrest of numerous state

and local officials. That is a "fantastic or delusional scenario[]" indicative of a frivolous complaint. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where any amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (citation omitted). Because Beltran-Medina's allegations are frivolous, his complaint is dismissed without leave to amend.

Accordingly,

**IT IS HEREBY ORDERED** that Beltran-Medina's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **DENIED**.

**IT IS FURTHER ORDERED** that Beltran-Medina's Complaint, ECF No. 1, and this case are **DISMISSED** as frivolous. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on June 10, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge